FRANK L. DANIELS and WANDA L. DANIELS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Daniels v. Commissioner
Docket No. 1569-75.
United States Tax Court
T.C. Memo 1976-177; 1976 Tax Ct. Memo LEXIS 227; 35 T.C.M. (CCH) 784; T.C.M. (RIA) 760177; June 7, 1976, Filed Frank L. Daniels, pro se. James F. Hanley, Jr., for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $72.84 deficiency in petitioners' 1973 income taxes. The sole issue is whether $325 paid to purchase certain household furnishings and miscellaneous items, for home use, was deductible. FINDINGS OF FACT Some facts were stipulated and are found accordingly. Petitioners, husband and wife, lived in Chicago, Illinois, when they filed their 1973 income tax return with the Internal Revenue Service Center, Kansas City, Missouri, and when they filed their petition in this case. On their return, petitioners deducted $325 for "Extraordinary Expense on Purchase of Home." The expense was for household furnishings, such as tables, lamps, and chairs, *228 and for various miscellaneous items, such as tools and preserving jars. Petitioners used these furnishings and items in their home. Respondent disallowed petitioners' $325 deduction. Petitioners were entitled to a substantial refund; the refund check they received was decreased by the amount of the deficiency involved herein. Later petitioners received a check for the amount of the deficiency. OPINION The issue is whether $325 paid to purchase certain household furnishings and miscellaneous items, for home use, was deductible. By petitioners' own admission, they used these furnishings and miscellaneous items in their home. Clearly, section 262 [1] is applicable. The $325 is nondeductible, and we accordingly hold for respondent. Petitioners contend that they have already paid respondent the deficiency involved herein. This is incorrect. It is true that petitioners, in a sense, "paid" the deficiency when their refund was decreased by the amount of the deficiency. Later, however, *229 this amount was returned to petitioners. The return of the amount of the deficiency invalidated the effect of any "payment." Decision will be entered for the respondent. Footnotes
1. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩